UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-22409-Civ-Seitz/McAliley

BARBARA COLOMAR, On Behalf of
Herself and All Others Similarly Situated,

     Plaintiff,

vs.

MERCY HOSPITAL, INC. and
CATHOLIC HEALTH EAST, INC.,

     Defendants.

_____/

## DEFENDANT MERCY HOSPITAL, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Mercy Hospital, Inc. ("Mercy") answers the Second Amended Class Action Complaint (D.E. 47) as follows:

1.    The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy admits that CHE is affiliated with 31 acute care hospitals located in 11 states from Maine to Florida, and denies all other allegations in paragraph 1.

2.    The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy is without sufficient knowledge of the content of CHE's website to admit or deny the allegations characterizing the content of that website, and thus denies those allegations. Mercy also denies the implication that Mercy bills higher amounts to uninsured patients than to insured patients. Mercy bills the same amounts for its services and supplies to all

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

patients, whether or not they are insured.  Mercy also denies the remaining allegations of paragraph 2.

3.    The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 3.

4.    The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 4.

5.    Mercy admits that Plaintiff was admitted to Mercy on March 5, 2003, was billed a total of $12,863 for the care which she received, and has paid a portion of the billed amount.  Mercy denies the remaining allegations of paragraph 5.

6.    The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 6.

7.    Paragraph 7 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 7.

8.    Mercy admits that this Court has jurisdiction over this action, and otherwise denies the allegations of paragraph 8.

9.    Mercy admits that venue lies in this United States District Court, Southern District of Florida, and otherwise denies the allegations of paragraph 9.

2

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

10.    Mercy admits that Plaintiff is an adult and resides in Miami, Florida, and is without sufficient information to admit or deny the allegations regarding Plaintiff's citizenship, and thus denies the remaining allegations of paragraph 10.

11.    The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy admits the allegations of paragraph 11.

12.    Admitted.

13.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 13.

14.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 14.

15.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 15.

16.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 16.

17.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 17.

3

18.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 18.

19.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 19.

20.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 20.

21.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy admits it identifies itself as a member of the CHE hospital system, and denies all other allegations in paragraph 21.

22.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 22.

23.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 23.

24.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 24.

KENNY NACHWALTER, P.A.

25.    The Court has granted CHE's motion for summary judgment, and concluded that there is no evidence that Mercy is an agent of CHE for purposes of the claims in this lawsuit.  Accordingly, Mercy denies paragraph 25.

26.    Paragraph 26 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 26.

27.    Mercy admits that it maintains a Chargemaster, which lists the amount that is billed for discrete services and supplies.  Mercy denies the implication that Mercy bills higher amounts to uninsured patients than to insured patients.  Mercy bills the same amounts for its services and supplies to all patients, whether or not they are insured. Mercy also denies the remaining allegations of paragraph 27.

28.    Mercy admits that it has separately negotiated with a number of different managed care companies a wide variety of discounts that Mercy agrees to accept for the insured members of the particular managed care company, and that those negotiated discounts are based upon various factors which differ from contract to contract.  Mercy denies the implication that Mercy does not extend any discounts to uninsured patients.  In fact, Mercy does not require any payment from uninsured patients who apply and qualify under the guidelines for Mercy's established charity care program, and, even for those uninsured patients who do not apply or qualify for charity care, Mercy extends a wide variety of discounts to such patients based upon various factors, including, but not limited to, their demonstrated inability to pay the amount of their bill.  Mercy also denies the remaining allegations of paragraph 28.

KENNY NACHWALTER, P.A.

29.     Paragraph 29 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 29.

30.     The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy is without sufficient knowledge of the purported statistics to admit or deny the allegations about those statistics, and thus denies those allegations.  Mercy also denies the implication that Mercy bills higher amounts to uninsured patients than to insured patients.  Mercy bills the same amounts for its services and supplies to all patients, whether or not they are insured.  Mercy also denies the remaining allegations of paragraph 30.

31.     The Court has granted CHE's motion for summary judgment, and thus no answer to the allegations about CHE should be required.  To the extent that a response is required to those allegations or any other allegations in this paragraph, Mercy is without sufficient knowledge of the purported statistics to admit or deny the allegations about those statistics, and thus denies all of paragraph 31.

32.     The Court has granted CHE's motion for summary judgment, and thus no answer to the allegations about CHE should be required.  To the extent that a response is required to those allegations, Mercy is without sufficient knowledge of the purported statistics to admit or deny the allegations about those statistics, and thus denies all of paragraph 32.

6

33.     The Court has granted CHE's motion for summary judgment, and thus no answer to the allegations about CHE should be required.  The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive practices" should be required.  To the extent that a response is required, Mercy denies all of paragraph 33.

34.     The Court has granted CHE's motion for summary judgment, and thus no answer to the allegations about CHE should be required.  To the extent that a response is required, Mercy denies all of paragraph 34.

35.     The Court has granted CHE's motion for summary judgment, and thus no answer to the allegations about CHE should be required.  The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive" practices should be required.  To the extent that a response is required, Mercy denies all of paragraph 35.

36.     Denied.

37.     Denied.

38.     Paragraph 38 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies all of paragraph 38.

39.     The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required.  To the extent that a response is required,

KENNY NACHWALTER, P.A.

Mercy is without sufficient information to admit or deny the allegations of this paragraph, and thus denies all of paragraph 39.

40.     Mercy admits that Plaintiff purports to seek both injunctive relief and monetary damages.  Mercy denies that Plaintiff is entitled to any relief or recovery against Mercy whatsoever, and denies the remaining allegations of paragraph 40.

41.     Mercy admits that Plaintiff was treated at Mercy on March 5, 2003, and denies the remaining allegations of paragraph 41.  Mercy is without sufficient information to admit or deny whether Plaintiff had health insurance in effect at the time, and notes that Plaintiff actually told Mercy at the time of her admission that she had health insurance coverage.  Mercy is without sufficient information to admit or deny whether Plaintiff had a back injury or what, if anything, kept Plaintiff from obtaining employment, and notes that Plaintiff never sought any treatment from Mercy for any alleged back injury.  Mercy denies that Plaintiff was 60 years old, and notes that Plaintiff did not turn 60 years old until sometime after she was discharged in good health from Mercy on March 6, 2003.  Mercy is without sufficient information to admit or deny the characterization about Plaintiff's fluency in English, and notes that Mercy provided Plaintiff with patient forms in English and Spanish, and provided financial counseling through Mercy staff who are fluent in English and Spanish.

42.     Mercy admits that Plaintiff was discharged in good health from Mercy on March 6, 2006, and that Plaintiff had complained at the time of her admission to Mercy that she was experiencing shortness of breath, and that the care she received while at Mercy

8

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

included a chest x-ray, ventilation/perfusion lung scan, an EKG, steroids, oxygen and respiratory therapy.  Mercy denies the rest of paragraph 42.

43.    Mercy admits that the billed charges for Plaintiff's care at Mercy totaled $12,863.  Mercy denies the rest of paragraph 43.

44.    Denied.

45.    Denied.

46.    Denied.

47.    The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive" practices should be required.   To the extent that a response is required, Mercy denies all of paragraph 47.

48.    Denied.

49.    Denied.

50.    Paragraph 50 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 50.

51.    Paragraph 51 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy admits that Plaintiff purports to sue on behalf of a "multistate class" of all the uninsured patients who were treated from 1999 to date at any CHE

9

Case No. 05-22409-Civ-Seitz/McAliley

affiliated hospital, except certain persons who are affiliated with CHE, Mercy or the District Judge. Mercy denies the rest of paragraph 51.

52.     Denied because Mercy is without sufficient information to admit or deny whether Plaintiff had health insurance in effect each and every time that she received treatment at Mercy from 1999 to date, and notes that Plaintiff actually told Mercy at the time of her admission in 2003 that she had health insurance coverage.

53.     Mercy admits that it has cared for thousands of uninsured patients from 1999 to date, and denies the rest of paragraph 53.

54.     Denied.

55.     Denied.

56.     Paragraph 56 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 56.

57.     Paragraph 57 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 57.

58.     Mercy admits that Plaintiff's counsel are competent and include lawyers with prior class action experience, and denies the rest of paragraph 58.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

10

Case No. 05-22409-Civ-Seitz/McAliley

63.     Denied.

## Count One – Breach of Contract

64.     Mercy objects to Plaintiff's purported "incorporat[ion] and adopt[ion] by reference [into paragraph 64] each and every allegation set forth in the preceding paragraphs of this Complaint." Subject to this objection, Mercy incorporates herein by reference its response in every preceding paragraph of this Answer.

65.     Denied.

66.     Mercy admits that paragraph 66 reproduces excerpts from two different numbered sections of the document attached as Exhibit A to the Second Amended Class Action Complaint, and denies the implication that the Mercy has separate forms that uninsured patients are required to sign when, in fact, Mercy presents the same forms to all patients, whether or not they are insured. Mercy also denies the implication that the numbered section in the attached document entitled "Assignment of Insurance and Claim Benefits" has any application to uninsured patients, and also denies the rest of paragraph 66.

67.     The Court has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 67.

68.     Mercy denies the first sentence of paragraph 68. The second sentence of paragraph 68 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy also denies the rest of paragraph 68.

11

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

69.    Denied.

70.    Denied.

## Count Two – Unfairness Prong of FDUTPA

71.    Mercy objects to Plaintiff's purported "incorporat[ion into paragraph 71] of the preceding paragraphs" alleged in the Second Amended Class Action Complaint.  Subject to this objection, Mercy incorporates herein by reference its response in every preceding paragraph of this Answer.

72.    Paragraph 72 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies all of paragraph 72.

73.    The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deception" should be required.  To the extent that a response is required, Mercy denies all of paragraph 73.

74.    Denied.

75.    Paragraph 75 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies all of paragraph 75.

76.    Denied.

77.    Paragraph 77 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies all of paragraph 77.

12

KENNY NACHWALTER, P.A.

78.    The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive" practices should be required.  Furthermore, paragraph 78 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 78.

79.    The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive" practices should be required.  Furthermore, paragraph 79 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 79.

80.    The Court has granted CHE's motion for summary judgment, and thus no answer to the allegations about CHE should be required.  To the extent that a response is required, Mercy denies the allegations of paragraph 80.

81.    The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive" practices should be required.  Furthermore, paragraph 81 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 81.

KENNY NACHWALTER, P.A.

82.     The Court has granted Mercy's motion to dismiss claims under the deceptive prong of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., and thus no answer to the allegations of purported "deceptive" practices should be required.  Furthermore, paragraph 82 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 82.

83.     Mercy is without sufficient information to admit or deny whether and to what extent Plaintiff is obligated to pay the attorneys appearing on her behalf, and thus denies the allegation about Plaintiff's obligation to pay attorney's fees.  The rest of paragraph 83 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required.  To the extent that a response is required, Mercy denies all of paragraph 83.

### Count Three – Implied Duty of Good Faith and Fair Dealing

84.     The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required.  To the extent that a response is required, Mercy objects to Plaintiff's purported "incorporat[ion] and adopt[ion] by reference [into paragraph 84] each and every allegation set forth in the preceding paragraphs of the Complaint," and, subject to this objection, Mercy incorporates herein by reference its response in every preceding paragraph of this Answer.

85.     The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of

14

KENNY NACHWALTER, P.A.

this paragraph should be required. To the extent that a response is required, Mercy denies all of paragraph 85.

86.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required. Furthermore, paragraph 86 purports to set forth legal conclusions as opposed to factual allegations, and thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 86.

87.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required. To the extent that a response is required, Mercy denies all of paragraph 87.

88.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required. The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason. To the extent that a response is required, Mercy denies all of paragraph 88.

89.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required. The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason. To the extent that a response is required, Mercy denies all of paragraph 89.

KENNY NACHWALTER, P.A.

90.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required.  The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason.  To the extent that a response is required, Mercy denies all of paragraph 90.

91.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required.  The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason.  To the extent that a response is required, Mercy denies all of paragraph 91.

92.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required.  The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason.  To the extent that a response is required, Mercy denies all of paragraph 92.

93.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of this paragraph should be required.  The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason.  To the extent that a response is required, Mercy denies all of paragraph 93.

94.    The Court has granted Mercy's motion to dismiss Plaintiff's claims under the implied covenant of good faith and fair dealing, and thus no answer to the allegations of

16

this paragraph should be required. The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason. To the extent that a response is required, Mercy denies all of paragraph 94.

### Count Four – Unjust Enrichment

95.     The Court has granted Mercy's motion to dismiss Plaintiff's claims alleging unjust enrichment, and thus no answer to the allegations of this paragraph should be required. To the extent that a response is required, Mercy objects to Plaintiff's purported "incorporat[ion] by reference [into paragraph 95] all of the allegations contained in the foregoing paragraphs" alleged in the Second Amended Class Action Complaint, and, subject to this objection, Mercy incorporates herein by reference its response in every preceding paragraph of this Answer.

96.     The Court has granted Mercy's motion to dismiss Plaintiff's claims alleging unjust enrichment, and thus no answer to the allegations of this paragraph should be required. To the extent that a response is required, Mercy denies all of paragraph 96.

97.     The Court has granted Mercy's motion to dismiss Plaintiff's claims alleging unjust enrichment, and thus no answer to the allegations of this paragraph should be required. To the extent that a response is required, Mercy denies all of paragraph 97.

98.     The Court has granted Mercy's motion to dismiss Plaintiff's claims alleging unjust enrichment, and thus no answer to the allegations of this paragraph should be required. The Court also has granted CHE's motion for summary judgment, and thus no answer to these allegations should be required for this independent reason. Furthermore, paragraph 98 purports to set forth legal conclusions as opposed to factual allegations, and

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

thus no answer to these allegations should be required. To the extent that a response is required, Mercy denies all of paragraph 98.

99.     Mercy denies that Plaintiff is entitled to any relief whatsoever, whether equitable relief, monetary damages, or any other form of relief in law or equity.

100.    Mercy denies each and every allegation in the Second Amended Class Action Complaint other than those specific allegations which Mercy has admitted.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred by waiver and estoppel. Mercy has a charity care program to which Plaintiff could have applied (and continues to have the option to apply). Under its charity care program, Mercy provides free-of-charge care to uninsured patients with demonstrated financial need. Mercy separately offered Plaintiff a substantial discount on her bill, which Plaintiff refused to accept in favor of accepting Mercy's alternative offer to accept minimal monthly payments of $100. Mercy relied on Plaintiff's election not to apply for charity care and stated refusal to accept the substantial discount which Mercy offered when Mercy proceeded to make decisions about Plaintiff's account, and Plaintiff knew or should have known that Mercy would so rely. Plaintiff cannot recover against Mercy the effectively identical relief which Plaintiff readily could have obtained had Plaintiff at any point applied to Mercy for charity care or accepted the substantial discount which Mercy offered.

2.     Plaintiff's claims are barred by estoppel. Plaintiff represented to Mercy at the time of her admission in 2003 that she had insurance coverage. Plaintiff also represented to Mercy that she had retained legal counsel to secure payment for her care from a third-

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

party source, and that her counsel was diligently pursuing matters with that third-party source. Mercy relied on these representations when making its decisions on the timing and substance of Mercy's discussions with Plaintiff and her legal counsel about available discounts and payment plans to assist Plaintiff, and Plaintiff knew or should have known that Mercy would so rely. Plaintiff cannot recover against Mercy the effectively identical relief which Plaintiff readily could have obtained had Plaintiff not represented to Mercy that she had insurance coverage and that she had engaged legal counsel to obtain payment from a third-party source.

3.     Plaintiff's claims are barred by waiver and estoppel. Mercy provided Plaintiff with forms to apply for Medicaid and/or other government assistance, and Plaintiff elected not to apply for Medicaid and/or other government assistance. Mercy relied on Plaintiff's election not to apply for Medicaid and/or other government assistance, and Plaintiff knew or should have known that Mercy would so rely. Plaintiff cannot recover against Mercy the effectively identical relief which Plaintiff readily could have obtained had Plaintiff completed and returned the forms to qualify for Medicaid and/or other government assistance.

4.     Plaintiff's claims are barred by the substituted contract which Plaintiff and Mercy entered to govern Plaintiff's account. After receiving the bill from Mercy, Plaintiff entered into a substituted contract with Mercy's representatives whereby (1) Mercy agreed to forego valuable rights it had under the original alleged contract, including the rights to prompt payment, to collect interest, and to recover collection costs, and (2) Plaintiff agreed to pay $100 per month toward the remaining balance of Plaintiff's account without incurring any interest or other charges on her account. Having voluntarily entered into this

19

substituted contract, Plaintiff and Mercy thereby discharged each other from the obligations under the original alleged contract and neither may sue to enforce the original alleged contract against the other.

5.    Plaintiff's claims are barred by the voluntary payment doctrine. To the extent that Plaintiff has made payments toward her bill, Plaintiff made such payments voluntarily and with full knowledge of the facts, and thus Plaintiff cannot sue Mercy to recover those payments or other relief based on those payments.

6.    Plaintiff's claims for equitable relief are barred by laches. Plaintiff had full knowledge of the facts in March 2003, and without justification delayed in seeking equitable relief based on those known facts for more than two years until July 2005.

7.    Plaintiff's claims are barred by the statute of limitations to the extent that Plaintiff purports to seek relief for claims which accrued prior to July 19, 2001.

8.    Plaintiff has failed to state a cause of action. Plaintiff cannot establish any breach of a legal duty by Mercy. Plaintiff and Mercy did not enter into an "open pricing term" contract, and instead agreed and understood that Plaintiff would be billed by Mercy at the same prices for services and supplies that Mercy applies to all patients, whether or not they are insured, i.e., the prices on the Chargemaster. Moreover, even if Plaintiff and Mercy had agreed to an "open pricing term" contract, and had thereby agreed Plaintiff would not have to pay more than a "reasonable" amount, Mercy's pricing to Plaintiff in this case was within the range of what other hospitals in the relevant market would have charged Plaintiff for the same or similar services and supplies, and therefore was within the range of reasonable.

20

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

9.      Plaintiff has failed to state a cause of action.  Plaintiff cannot establish the element of damage or actual loss as required to support a claim for breach of contract or under FDUTPA.

10.     Plaintiff has failed to state a cause of action under FDUTPA.  The forms which Mercy provides to patients or has them sign at the time of their admission provide all the information which is "required or specifically permitted" by Florida law, which prescribes the information which a hospital in Florida is required or specifically permitted to give patients about the hospital's charges, i.e., Fla. Stat. §§ 395.301 & 381.026, and thus Mercy cannot be sued under FDUTPA for utilizing those forms.

11.     Plaintiff's claims for money damages are barred by mitigation principles. Plaintiff could have avoided all or substantially all of the damages which Plaintiff seeks to recover by applying for charity care, accepting substantial discounts when offered, and otherwise taking action which presented Plaintiff with no material risk of further loss and would have allowed Plaintiff to avoid those claimed damages.

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

Respectfully submitted,

s/Robert J. Alwine, II
Thomas H. Seymour (Fla. Bar No. 100271)
tseymour@kennynachwalter.com
Robert D. W. Landon, III (Fla. Bar No. 961272)
rlandon@kennynachwalter.com
Christina M. Ceballos-Levy (Fla. Bar No. 411965)
ccl@kennynachwalter.com
Robert J. Alwine II (Fla. Bar No. 404179)
ralwine@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd., Suite 1100
Miami, Florida 33131-4327
Telephone:   (305) 373-1000
Facsimile:    (305) 372-1861
         - and
Lewis W. Fishman (Fla. Bar No. 224235)
lwfpa@aol.com
LEWIS W. FISHMAN, P.A.
2 Datran Center
9130 Dadeland Boulevard
Suite 1121
Miami, Florida 33156-7848
Telephone:   (305) 670-2100
Facsimile:    (305) 670-0793

**Attorneys for Mercy Hospital, Inc.**

<u>**Certificate of Service**</u>

**I certify** that on this December 4, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for counsel or parties who are not authorized to receive Notices of Electronic Filing.

s/Robert J. Alwine, II
Robert J. Alwine, II

276255

22

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

## SERVICE LIST

Barbara Colomar vs. Mercy Hospital, Inc. and Catholic Health East, Inc.
Case No. 05-22409-Civ-Seitz/McAliley

Dewitt M. Lovelace, Esq.
dml@lovelacelaw.com
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway
Suite 4202
Destin, Florida  32541
Telephone:     (850) 837-6020
Facsimile:      (850) 837-4093
**Attorneys for Plaintiff**
**[Via U.S. Mail]**

Don Barrett, Esq.
dbarrett@barrettlawoffice.com
BARRETT LAW OFFICES, P.A.
404 Court Square North
P.O. Box 987
Lexington, Mississippi  39095
Telephone:     (662) 834-2376
Facsimile:      (662) 834-2628
**Attorneys for Attorneys for Plaintiff**
**[Via U.S. Mail]**

Sidney A. Backstrom, Esq.
sidbackstrom@scruggsfirm.com
SCRUGGS LAW FIRM, P.A.
120 A Courthouse Square
P.O. Box 1136
Oxford, Mississippi  38655
Telephone:     (662) 281-1212
Facsimile:      (662) 281-1312
**Attorneys for Plaintiff**
**[Via U.S. Mail]**

Bryan A. Vroon, Esq.
bvroon@vclawfirm.com
John W. Crongeyer, Esq.
jcrongeyer@vclawfirm.com
VROON & CRONGEYER, LLP
1718 Peachtree Street, #1088
Atlanta, Georgia  30309
Telephone:     (404) 607-6710
Facsimile:      (404) 607-6711
**Attorneys for Plaintiff**
**[Via U.S. Mail]**

Theodore J. Leopold, Esq.
tleopold@riccilaw.com
Diana L. Martin, Esq.
dmartin@riccilaw.com
RICCI ~ LEOPOLD, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, Florida  33410
Telephone:     (561) 684-6500
Facsimile:      (561) 697-2383
**Attorneys for Plaintiff**
**[Via CM/ECF]**

Steven E. Bizar, Esq.
steve.bizar@bipc.com
BUCHANAN INGERSOLL & ROONEY, P.C.
1825 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103-2985
Telephone:     (215) 665-8700
Facsimile:      (215) 665-8760
**Attorneys for Catholic Health East, Inc.**
**[Via U.S. Mail]**

23

KENNY NACHWALTER, P.A.

Case No. 05-22409-Civ-Seitz/McAliley

Richard Heimann, Esq.
rheimann@lchb.com
Kelly M. Dermody, Esq.
kdemody@lchb.com
Caryn Becker, Esq.
cbecker@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111
Telephone:      (415) 956-1000
Facsimile:      (415) 956-1008
**Attorneys for Plaintiff**
**[Via U.S. Mail]**

Lewis W. Fishman, Esq.
Lewis W. Fishman, P.A.
2 Datran Center
9130 Dadeland Boulevard, Suite 1121
Miami, Florida  33156-7848
Telephone:      305-670-2100
Facsimile:      305-670-0793
**Attorneys for Mercy Hospital, Inc.**
**[Via U.S. Mail]**

Laura Ganoza, Esq.
laura.ganoza@bipc.com
Alan R. Poppe, Esq.
alan.poppe@bipc.com
BUCHANAN INGERSOLL & ROONEY, P.C.
Bank of America Tower, 34th Floor
100 S.E. Second Street
Miami, Florida  33131
Telephone:      (305) 347-4080
Facsimile:      (305) 347-4089
**Attorneys for Catholic Health East, Inc.**
**[Via CM/ECF]**

Thomas H. Seymour, Esq.
tseymour@kennynachwalter.com
Stanley H. Wakshlag, Esq.
swakshlag@kennynachwalter.com
Robert D. W. Landon, III, Esq.
rlandon@kennynachwalter.com
Christina Ceballos-Levy, Esq.
cceballos@kennynachwalter.com
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131-4327
Telephone:      (305) 373-1000
Facsimile:      (305) 372-1861
**Attorneys for Mercy Hospital, Inc.**

KENNY NACHWALTER, P.A.