UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22409-CIV-SEITZ/McALILEY

BARBARA COLOMAR, on behalf of
herself and all others similarly situated,

       Plaintiff,

v.

MERCY HOSPITAL, INC., and
CATHOLIC HEALTH EAST, INC.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT MERCY HOSPITAL'S RENEWED VERIFIED MOTION TO RECOVER FEES AND COSTS AND RENEWED BILL OF COSTS

After prevailing on a motion for summary judgment, on July 19, 2007, Defendant Mercy Hospital, Inc., had final judgment entered in its favor. Relying upon the prevailing party attorneys' fees and costs provision in the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.2105(1), and the prevailing party costs provision in Federal Rule of Civil Procedure 54(d)(1), Mercy now asks this Court to enter judgment for fees, in the amount of $822,702.50, and costs in the amount of $35,406.24, against Plaintiff and her attorneys. Mercy seeks this relief, even while acknowledging that: (1) Plaintiff is financially unable to pay a judgment in this amount, (2) Mercy would not collect on the judgment against Plaintiff; rather it would only look to collect from Plaintiff's counsel, and (3) both FDUTPA and Rule 54(d)(1) do not authorize this Court to allow a prevailing party to recover fees from

opposing counsel.

Mercy maintains, however, that this Court has before it a most unique circumstance that allows it to enter both judgments:  Plaintiff's counsel, in a written document made part of their retainer agreement, promised to their client that "[i]n the unlikely event the Court were to award the defendant's fees and costs, we will pay these."  Mercy maintains it is the third-party beneficiary of this contract between Plaintiff and her lawyers, and on this basis the Court should enter a judgment against Plaintiff's counsel, under FDUTPA and Rule 54(d)(1), for the full amount of Mercy's fees and costs, and should enter a judgment against Plaintiff, but order that Mercy not execute on the latter judgment.

For the reasons that follow, this Court recommends that Mercy's Renewed Verified Motion to Recover Fees and Costs [DE 236] and Renewed Bill of Costs [DE 237], be denied.[1]

## 1.    Background

Plaintiff Barbara Colomar, who had no medical insurance, was hospitalized at Mercy in March 2003, for one day.  After her discharge Mercy billed Plaintiff more than twelve thousand dollars for her medical care.  Plaintiff brought this class action against Mercy and Defendant Catholic Health East, Inc. (Catholic Health), challenging the reasonableness of Mercy's hospital charges, and alleging that Mercy bills its uninsured patients at a higher rate than its insured patients, in violation of FDUTPA.  [DE 1; *see also* DE 47, Second Amended

---

[1] The motion and bill of costs were referred to the undersigned by the Honorable Patricia A. Seitz.  [DE 50].

Complaint].[2]  On September 20, 2005, the Court dismissed two claims, and partially dismissed the FDUTPA claim insofar as it was based on alleged deceptive acts or practices.  [DE 90]. Defendant Catholic Health later prevailed on a motion for summary judgment and was dismissed from the lawsuit.  [DE 122].  On November 17, 2006, the Court denied Mercy's motion to dismiss the breach of contract and FDUTPA claims, based on a claim of unreasonable pricing [DE 126], and the parties continued to litigate this action.  Ultimately, however, Mercy prevailed on summary judgment [DE 217], and as already noted, on July 19, 2007, final judgment was entered for Defendants [DE 218].  Mercy's motion for fees and costs and bill of costs is ripe for resolution.[3]

## 2.      Attorneys' fees and costs under FDUTPA

Mercy is indisputably the prevailing party in this action.  Courts, however, do not have the unfettered power to award attorneys' fees and costs to prevailing parties.  Under the long-standing American Rule, parties to lawsuits are responsible for their own legal fees, unless they contract otherwise, or unless the legislature by statute specifically authorizes the shifting

---

[2] Plaintiff filed her complaint in state court, and Defendants removed it to this Court.  [DE 1].

[3] There is a bit of procedural history to the filing of the motion for fees and costs and the bill of costs.  Mercy first filed its motion and bill of costs in August, 2007.  [DE 225, 226].  Plaintiff, however, filed a notice of appeal at the same time [DE 227], and as a result, this Court stayed Mercy's motion and bill of costs.  [DE 228].  Plaintiff ultimately dismissed her appeal [DE 235], clearing the way for Mercy to file the current motion and bill of costs.  After Mercy renewed its motion and bill of costs, Plaintiff asked the Court to first resolve the issue of Mercy's entitlement to attorneys' fees and costs, and only require Plaintiff to brief the reasonableness of the fees and costs sought by Mercy if the Court ruled in favor of Mercy on entitlement.  [DE 238].  This Court granted that motion to bifurcate, and heard oral argument on the issue of entitlement.  [DE 252, 258].

of legal fees. *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003); *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510 (11th Cir. 1988). There is no contractual agreement between the parties here that would entitle Mercy to recover its fees from Plaintiff or her counsel. Plaintiff did, however, bring a claim against Mercy under FDUTPA, which includes this fee-shifting provision: "[T]he prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, *may* receive his or her reasonable attorney's fees and costs from the nonprevailing *party*." Section 501.2105(1), Fla. Stat. (emphasis added). This statute is Mercy's sole legal claim to entitlement to recover its attorneys' fees from Plaintiff and her attorneys.

As is plain from its language, FDUTPA does not mandate an award of attorneys' fees and costs to a prevailing party; rather the matter is committed to the discretion of the trial court. *Humane Soc'y of Broward County, Inc. v. Florida Humane Soc'y*, 951 So.2d 966, 968 (Fla. 4th DCA 2007). Both prevailing defendants and plaintiffs may recover their fees and costs under the statute, and when deciding whether to make such an award the Court may, but is not limited to, consider the following factors: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions - including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but was frivolous, unreasonable, groundless; (6) whether a defense was raised mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. *Id.*

4

at 971-72 (citing *Rosen v. Rosen,* 696 So.2d 697, 700-01 (Fla. 1997); *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1415 (9th Cir. 1983)).

In its brief, Mercy does not analyze the various *Humane Society* factors vis-a-vis Plaintiff and urge that they lead this Court to the conclusion that Plaintiff should be made liable to Mercy for its fees and costs.  Rather, Mercy addresses only the second factor and concedes that "Plaintiff is without the financial resources to satisfy a judgment for fees and taxable costs[,]" [DE 236-1, p. 2], and stipulates that it will not execute on a judgment against Plaintiff.[4]  As Mercy's counsel explained at oral argument, Mercy seeks a judgment against Plaintiff, merely as an "interim step" to get, and collect on, a judgment against her attorneys. [DE 258, p. 30].  In fact, Mercy made it clear that, were it not for the written agreement between Plaintiff and her attorneys, which Mercy believes is a vehicle for Mercy to collect its fees from Plaintiff's counsel, Mercy would not ask for a judgment against Plaintiff.  [DE 258, p. 20].

On this record, with Plaintiff concededly unable to pay Mercy's fees and costs, and with Mercy unwilling to argue that she should be held responsible for that debt, it would appear obvious that this Court should not enter a judgment against Plaintiff.

Mercy contends, however, that a written agreement between Plaintiff and her attorneys, changes the analysis.  Specifically, Paragraph 7 of the "Rights and Responsibilities of a Class

---

[4] Mercy states "it will only seek to execute or collect on the fees and costs judgment from Plaintiff's counsel, not Plaintiff.  Mercy has no objection to the Court including this stipulation as a condition of any award in the fees and costs judgment."  [DE 236-1, p. 2; *see also* DE 236-1, p. 16; DE 250, p. 3; DE 258, p. 15].

Representative" document, prepared by Plaintiff's attorneys and signed by Plaintiff on March 15, 2005, states, "[in] the unlikely event the Court were to award the defendant's fees and costs, we will pay these." [DE 210-2, p. 3]. Mercy contends the document itself demonstrates that it is the intended third-party beneficiary of Plaintiff's counsel's promise to pay any fees awarded to Mercy; in an attachment Mercy was specifically identified as the defendant in this lawsuit. [*See* DE 210-2, p. 4]. Therefore, argues Mercy, it can step into the shoes of Plaintiff, to recover its fees and costs directly from Plaintiff's counsel.[5]

Mercy contends that fairness supports this result. In its view Plaintiff's counsel wanted to benefit from FDUTPA's fee-shifting provision and offered the "promise to pay" agreement to induce a destitute plaintiff to sue Mercy. Mercy argues that class actions such as this case are lawyer-driven, rather than client-driven, and Mercy characterizes Plaintiff's counsel as unconscionably trying to escape liability under their agreement with their client by claiming that agreement is now unenforceable.[6] Mercy emphasizes that Plaintiff's counsel caused Mercy to spend a lot of money (that it could have otherwise used for its charitable mission) to defend what Plaintiff's counsel should have known was a meritless lawsuit.

Mercy's invitation to this Court to weigh the equities of this lawsuit is a diversion from the single legal issue before the Court: whether FDUTPA authorizes the Court to enter a

---

[5] Plaintiff opposes Mercy's position that it is a third party beneficiary, and raises a number of arguments in response. This Court need not determine whether Mercy is, in fact, a third party beneficiary to the contract because FDUTPA's plain language is determinative of this motion.

[6] Plaintiff's counsel has never represented to this Court that they would not honor their agreement with their client. Rather, they argue that the agreement does not entitle Mercy, under FDUTPA, to recover its attorneys' fees and costs.

judgment against Plaintiff's counsel in the amount of Mercy's attorneys' fees and costs. Courts must "strictly construe" statutory authorizations for attorneys' fees. *Army Aviation Heritage Foundation and Museum, Inc. v. Buis*, 504 F.Supp.2d 1254, 1269 (N.D. Fla. 2007) (quoting *Sarkis v. Allstate Ins. Co.*, 863 So.2d 210, 223 (Fla. 2003)). And on this issue it is not difficult to construe FDUTPA, as it only authorizes courts to enter a judgment for fees and costs against the "nonprevailing party."

This Court notes, as a point of contrast, that under other circumstances Congress has authorized courts to order attorneys to reimburse opposing parties their attorneys' fees and costs. Title 28 U.S.C. § 1927, for example, empowers courts to require an "attorney" to "satisfy personally the excess costs, expenses, and attorneys' fees" incurred because of unreasonable and vexatious conduct that multiplied the proceedings. Similarly, Fed.R.Civ.P. 11(c) permits courts to impose sanctions on an "attorney" or "law firm," including "payment of part or all of the reasonable attorney's fees and other expenses," for, among other things, filing bad-faith or frivolous pleadings. Fed.R.Civ.P. 11(c)(1) and (4). The Florida legislature, in Fla. Stat. § 57.105, empowers courts to award "a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the . . . losing party's attorney" where the attorney knew or should have known that a claim or defense was without legal or factual support. Notably, Mercy does not claim entitlement under any of these statutes to recover its fees and costs from Plaintiff's counsel, and does not allege that Plaintiff's counsel engaged in the misconduct contemplated by these laws.

More to the point, the Florida legislature in FDUTPA, chose to not make lawyers responsible for the prevailing party's fees and costs. Mercy's claim that the Court is presented with the unique circumstance that Plaintiff's counsel agreed to make her whole for any court-ordered fees and costs doesn't change this fact.

There being no basis for entry of a judgment against Plaintiff or her attorneys, this Court concludes that Mercy's motion for fees and costs under FDUTPA should be denied.

**3.      Costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920**

Mercy also seeks to recover its costs pursuant to Federal Rule of Civil Procedure 54(d), which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Title 28 U.S.C. § 1920 enumerates the costs that may be taxed in favor of the prevailing party. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Again relying on Plaintiff's counsel's "promise to pay," Mercy invokes Rule 54(d) as a vehicle to recover its costs from Plaintiff's counsel. However, like FDUTPA, Rule 54(d) only authorizes this Court to impose costs on the nonprevailing party. "Rule 54(d) and § 1920 do not permit district courts to impose costs on attorneys, as opposed to the parties they represent." *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007) (noting that while neither the rule nor the statute expressly state that costs can only be awarded against parties, "that is the plain implication of what they do say.") The plain language of Rule 54(d) is permissive, "not because it permits a court to impose costs on counsel instead of the

8

losing party, but rather because it permits a court to refuse to impose costs on the losing party at all." *Id.* (quoting *Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001)).  As stated above, Mercy also seeks a judgment against Plaintiff, but concedes that it would not execute on that judgment.  Once again, because Mercy seeks to recover its costs from Plaintiff's counsel, rather than Plaintiff, this Court concludes that Mercy's motion and bill of costs should be denied.

**4.     Conclusion**

This Court **RECOMMENDS** that Defendant Mercy Hospital's Renewed Verified Motion to Recover Fees and Costs [DE 236] and Renewed Bill of Costs [DE 237] be **DENIED.**

**5.     Objections Period**

Pursuant to Magistrate Rule 4(a), S. D. Fla. L. R., the parties may file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz **within 10 days** of the date of this Report and Recommendation.  Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein.  *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 8th day of July, 2008.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies to:*
    The Honorable Patricia A. Seitz
    All counsel of record